IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**OSTEOSTRONG FRANCHISING, LLC,**

 **Plaintiff,**

v.               Civ. No. 18-1184 WJ/JFR

**ROLAND RICHTER, SHEILA NIXON,
JDAP, INC., and DANCINGBONES, LLC,**

 **Defendants.**

## EMERGENCY MOTION TO COMPEL ATTENDANCE AT DEPOSITION OR, IN THE ALTERNATIVE, TO EXTEND AMENDMENT DEADLINE

COME NOW Defendants, by and through their attorneys, JONES, SNEAD, WERTHEIM, & CLIFFORD, P.A., and respectfully requests that this Court compel Plaintiff's appearance at specified depositions before July 3, 2019; or, in the alternative, to modify the Court's scheduling order in this matter.  As grounds therefore, Defendants state as follows.  Defendants have been contacted and do not oppose extending the deadline for Defendants to amend their complaint, but do oppose the having depositions taken prior to the middle or end of July.

The present schedule was agreed to by counsel on May 6, 2019.  Based on that schedule, Defendants have made efforts to defend this matter diligently and to prepare their case.  Believing that information to be obtained through depositions was crucial to preparing to meet their July 3, 2019 deadline to amend the pleadings and add parties, Defendants took the following steps:

1. On May 7, 2019, Mr. Wolf contacted Mr. Samford stating that Defendants intended to take the deposition of Dr. Russ Canfield and asking for a position

regarding whether counsel could contact him directly, or whether Plaintiff would contact him for availability.  Plaintiff did not respond. (Exhibit 1).

2. On May 16, 2019, Mr. Wolf contacted Mr. Samford requesting dates of availability for a Rule 30(b)(6) deposition, with a draft notice and topics attached. Counsel indicated the intent to take the deposition within 4 weeks and offered May 23, 24, 28, 30, and 31; as well as June 3, 4, 5, 6, 7, 11, 12, 13, 17, 18, 19, and 20.  Plaintiff did not respond. (Exhibit 2).

3. On May 23, Mr. Wolf again contacted Mr. Samford regarding dates for the Rule 30(b)(6) deposition, offering May 30 and 31 and June 3, 4, 5, 6, 7, 11, 12, 13, 17, 18, 19, 20, 21, 24, 25, 26, 27, and 28 as available dates.  Plaintiff did not respond. (Exhibit 3).

4. On May 23, Mr. Wolf again contacted Mr. Samford regarding dates to take Dr. Canfield's deposition and requesting dates of availability from among those already provided.  Plaintiff did not respond. (Exhibit 4).

5. On May 28, Mr. Wolf noticed the deposition of Plaintiff's Rule 30(b)(6) deposition to take place on June 13, 2019.  The notice of deposition was provided to Plaintiff's counsel through e-service.  Plaintiff did not respond and did not indicate that the date was unacceptable.  (Exhibit 5).

6. On June 11, 2019, less than 48 hours before the deposition was to take place, Mr. Samford sent an email stating "OsteoStrong is unable to present a corporate representative for deposition on June 13.  A representative is available July 15-18 and 23-26.  Please schedule Canfield during the same time.  You should be able to do both on the same day."  (Exhibit 6).

2

7. Defendants responded offering to vacate the deposition of Plaintiff would agree to an alternate date and offered as alternate dates June 14, 17, 18, 19, 20, or 21. Defendants' letter also described the extensive efforts that had been made to obtain dates in May or June, the failure to offer any explanation for the sudden refusal to appear; the position that waiting over a month was unacceptable; and declination of the request to depose Dr. Canfield and the corporate representative on the same day.   (Exhibit 7).

8. On June 12, 2019, Mr. Wolf and Mr. Samford held a telephone conference in which Mr. Samford stated his client's position that the only individual OsteoStrong was willing to designate as a corporate representative, Matthew Zagrodzky, would be out of the country and was only available July 15-18 or July 23-26; and further that the deposition of Dr. Canfield could not be taken without Mr. Zagrodzky present.

9. The deadline for Defendants to amend their pleadings is presently set for July 3, 2019.  (Scheduling Order).

10. In addition, Defendants' counsel is presently scheduled for trial in another matter beginning July 18, 2019.

## **Argument**

Plaintiff has offered no explanation for their failure to respond to any of Defendants' numerous attempts to schedule these depositions, or their failure to inform Defendants that they would not appear at the deposition until just prior to the deposition being taken.  In addition, under Rule 30(b)(6), there is no reason that Plaintiff cannon simply prepare and name a different corporate representative who is available.  According to the rule:

> [A] party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

Nothing in the rule requires that the corporate representative be a specific person; it must merely be someone who consents to testify and is prepared to testify about "information known or reasonably available to the organization." "As a general matter, a corporation may designate any person as a corporate representative if he or she can meet the necessary criteria to satisfy Rule 30(b)(6)." S.E.C. v. Goldstone, 301 F.R.D. 593, 647 (D.N.M. 2014) *citing* Gulfstream Worldwide Realty, Inc. v. Philips Elec. N. Am. Corp., 2007 WL 5704041 at *5 (D.N.M. Oct. 24 2007) (Browning, J).

Plaintiff had numerous opportunities to agree to any of nearly two dozen dates offered for the deposition. Plaintiff ignored all of those opportunities, instead waiting until the 11th hour after a deposition had been scheduled to suddenly announce that the only person who it wished to designate as a corporate representative was unavailable for over a month—and that, incidentally, other depositions would have to wait as well. This is improper under the rules and unfairly prejudices Defendants from being able to prepare their case.

As a non-preferred alternative, modification of the July 3, 2019 amendment of pleading deadlines applicable to Defendants would also partially resolve the issue, as it would permit Defendants to obtain the information necessary to evaluate their need to amend the pleadings prior to the expiration of that deadline. However, modification and delay of the scheduling order in this case is not without cost; it protracts the

4

litigation, interferes with counsel's already-established schedule in other cases, and requires Defendants to expend time and money on pleading matters that should have been easily resolved long ago. If Plaintiff believes that modification of the schedule is preferable, they should be required to show cause why the depositions could not have been scheduled on any of the dates offered in May or June, *before* the corporate representative's travel schedule rendered him unavailable.

WHEREFORE, Defendants respectfully request that this Court enter an Order requiring that Plaintiff present a prepared corporate designee for deposition under Rule 30(b)(6) during the month of June; and providing that Defendants may take the deposition of Dr. Canfield during the month of June, 2019.

In the alternative, if Plaintiff is able to offer satisfactory reasons why it could not have appeared on any of the dates offered for deposition in May or June, Defendants request that the Court enter an Order modifying the scheduling order in this matter, and granting them until two weeks after completion of the requested depositions to amend their complaint or add additional parties.

Because of the timely nature of this matter, Defendants request the opportunity to address this matter at the hearing presently scheduled for June 21, 2019.

Respectfully Submitted,

JONES, SNEAD, WERTHEIM & CLIFFORD, P.A.

By: */s/Samuel C. Wolf*
Samuel C. Wolf
Jiadai Lin
141 E. Palace Ave., Suite 220
Santa Fe, NM 87501
Tel. (505) 982-0011
Fax (505) 989-6288
sam@thejonesfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2019, I filed the foregoing document electronically through the CM/ECF system, which will send notification of such filing to all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                              */s/ Samuel C. Wolf*
                                              Samuel C. Wolf