# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

OSTEOSTRONG FRANCHISING, LLC,

      Plaintiff,

   v.                                                                          Civ. No. 18-1184 WJ/JFR

ROLAND RICHTER, SHEILA NIXON,
JDAP, INC. AND DANCINGBONES, LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

THIS MATTER comes before the Court upon Plaintiff's Motion for Leave to Amend Complaint, filed June 3, 2019 (**Doc. 34**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is DENIED.

## BACKGROUND

This is a trademark infringement case. According to the complaint and Joint Status Report (Doc. 21), OsteoStrong is a global franchise that offers services to promote healthy joints, strong bones and muscles, and better balance and flexibility through a proprietary system and methodology. Each OsteoStrong location is independently owned and operated. Defendants Richter and Nixon ("Defendants") became interested in opening an OsteoStrong franchise in Santa Fe, and Plaintiff claims that in preparing them to open a franchise, he disclosed to them confidential information and trade secrets about OsteoStrong. Defendants eventually changed their mind about purchasing an OsteoStrong franchise and instead opened a competing business in Santa Fe under the name DancingBones, offering virtually the same services as OsteoStrong and using the same

equipment, layout and confidential trade secret information detailing how to successfully operate an OsteoStrong franchise.  Defendants also advertised and held themselves out as OsteoStrong on the Internet. Plaintiff is suing Defendants Richter and Nixon for trade infringement and misappropriation in relation to Defendants' opening a business in Santa Fe under the name DancingBones, offering virtually the same services as OsteoStrong and using the same equipment, layout and confidential trade secret information detailing how to successfully operate an OsteoStrong franchise.

Defendants claim that they were initially excited about the franchise possibility and made several good-faith steps toward becoming franchisees.  However, they became concerned about repeated failures of communication and refusals to provide what they considered to be necessary information and documents and were presented with a franchise contract which omitted reference to numerous items they had been promised.  Defendants also deny that they were ever provided any confidential or trade secret information and deny using any of the information they obtained from OsteoStrong or their developer and also deny using OsteoStrong's mark without permission. The Complaint and Application for Injunctive Relief asserts five claims for relief:

    Count 1 - Misappropriation (Defend Trade Secrets Act of 2016, or "DTSA");

    Count 2 – Misappropriation (New Mexico Uniform Trade Secrets Act ("NMUTSA");

    Count 3 – Breach of Contract;

    Count 4 – Unfair Competition, 15 U.S.C. §1125

    Count 5 – Trademark Infringement, 15 U.S.C. §1114(1)

In addition, Plaintiff seeks to enjoin Defendants from using or disclosing OsteoStrong's trade secrets and confidential information.

## DISCUSSION[1]

Plaintiffs' motion for leave to amend is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id*.; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Thornburg Mortg., Inc. Sec. Litig.*, 265 F.R.D. 571, 579-80 (D.N.M. 2010). The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The liberal granting of motion for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits. *Albers v. Bd. Of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014). A court should generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982)).

Plaintiff seeks to amend the complaint by adding five new defendants whose acts have allegedly harmed Plaintiff: Listory, Inc., Verizon Media LLC, Dex Media Holdings, Inc., Buzzfile, and Local.com.[2] These defendants operate a search engine tool designed to direct consumers using the world wide web to products and services. When a consumer searches for information about

---

[1] The Court considers this motion without the benefit of a reply, which was filed but then stricken by the Court for failure to follow this Court's local rules. See Doc. 62.

[2] The amended complaint appears to include all five defendants in Counts 2, 4 and 5 (misappropriation, unfair competition and trademark infringement). Counts 1 and 3 refer to just Defendants Nixon and Richter. *See* Doc. 34-1.

Osteostrong services in Santa Fe, New Mexico, these search engines direct consumers to the address currently occupied by Defendant Dancing Bones LLC, whose services are in direct competition with Plaintiff. The gist of these claims is that consumers who were searching for OsteoStrong on the internet were intentionally led to OsteoStrong's competitor instead, thereby funneling business into DancingBones, Plaintiff's competitor. Plaintiff has notified these Defendants that continuing to advertise as such will cause harm to Plaintiff, but each of these five defendants have failed to cure the harm and halt the advertising as requested. At the time Plaintiff filed the original complaint, Plaintiff was not able to distinguish the information services provided by these defendants from those provided by Google or Yahoo.

A. <u>Futility</u>

Defendants object to amending the complaint to add these parties, focusing primarily on futility and prejudice. Defendants contend that the amendment is futile and they provide a brief explanation of search engine "optimization and search algorithms," explaining that a business owner can correct inaccurate data where searches lead to inaccurate results. The Court does not propose to settle here whether it is possible to intentionally mislead a consumer search to a competitor, and instead turns to consider the other relevant factors.

B. <u>Prejudice</u>

Defendants argue that the requested amendment to add five "new global corporate defendants" would result in substantial delay, which would prejudice them in the form of ongoing legal fees, expenditure of time, and burden on their businesses. It does seem that Plaintiff's claims against the proposed additional defendants have gone far afield from the original claims against Defendants Nixon and Richter based on a franchise agreement that went sour, and that adding

these parties would involve significant time delays and expense. Thus, there is some merit to Defendant's prejudice argument.

C. Relation Back

Plaintiff's motion to amend will be denied because of unnecessary prejudice to Defendants, but also because the motion does not even consider whether the amendment relates back to the original complaint that was filed in December 2018. When proposing to add a new party, the amended pleading must satisfy element of Rule 15(c)(1)(C):

(1) Arise from the same transaction or occurrence as the original pleading, see Rule 15(c)(1)9B); and

(2) Within the 90-day period after filing the original pleading, *see* Rule 4(m), the party(ies) named in the amended pleading must have *both:*

(a) received sufficient notice of the pendency of the action so as not to be prejudiced in preparing a defense; and

(b) have known or should have known that but for a mistake of identity the party would have been named in the original pleading.

None of these elements have been discussed—much less met—by Plaintiff. The transaction at issue in the original complaint centered on a developing franchise agreement; subsequent negotiations between the would-be franchisees; the breakdown of negotiations; and the opening and operation of a competing business by Defendants Nixon and Richter. As mentioned previously, Plaintiff wishes to now take on the world wide web by adding five new defendants who operate search engines and who allegedly intentionally misdirect consumers to its competitor.

There is no indication that the proposed defendants received sufficient notice of the pendency of this action. Plaintiff states that he "informed" these businesses that he has no

relationship to any business at the location occupied by DancingBones, but this does not constitute the kind of notice that would have alerted these business to a potential lawsuit within the 90-day time period allotted under Rule 15(c)(1)(C). Finally, Plaintiff provides no other reason why these proposed defendants would have or should have known that but for a mistake of identity, they would have been named in the original pleading.

Accordingly, the Court DENIES Plaintiff's motion to amend because Defendants would be unduly prejudiced and because the request does not meet the standard that allows the addition of parties under Rule 15.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE