**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

OSTEOSTRONG FRANCHISING, LLC,

      Plaintiff,

      vs.                              Civ. No. 18-01184 WJ-JFR

ROLAND RICHTER, SHEILA NIXON,
JDAP, INC., And DANCINGBONES, LLC,

      Defendants.

**ORDER ON MOTIONS FOR PROTECTIVE ORDERS**

THIS MATTER comes before the Court on the non-parties Sean and Charla Simpsons' (the "Simpsons") Motions for Protective Order filed August 28, 2019 (Docs. 78 and 79).[1] Plaintiff opposed the motions on September 4, 2019 (Docs. 82 and 83), and Defendant responded to the motions on September 5, 2019 (Doc. 85). The Simpsons replied on September 9, 2019. Doc. 87. Having considered the pleadings, law and procedural posture of this case, the Court GRANTS the motions IN PART, and DENIES the motions IN PART, as set forth herein.

**Procedural Background**

In this action, Plaintiff and Defendants are seeking to exchange discovery of, *inter alia*, documents, testimony and depositions relating to a prior New Mexico state court proceeding, *Nixon, et al. v. OS New Mexico Store 2, LLC, et al*. ("*Nixon v. OS2*"), No. D-101-CV-2017-01223, which was filed in the Santa Fe, First Judicial District Court. OS New Mexico Store 2, LLC, *et al*. is comprised of or represented by the non-party Simpsons. Doc. 79 at 3. Plaintiffs in the *Nixon v. OS2* state court proceeding are now Defendants in this federal case.

---

[1] The Simpsons characterize Document 78 as covering information and material developed prior to their contractual agreements with Plaintiff and, therefore, owned solely by them; while Document 79 addresses documents concerning the Simpsons' role as franchisees, to which Plaintiff and the Simpsons rightly share ownership. *See* Doc. 87 at 2, 14.

Plaintiff here, OsteoStrong Franchising, LLC ("OsteoStrong"), is the franchisor of a global franchising company that offers services to promote healthy joints, strong bones and muscles, and better balance flexibility through a proprietary system and methodology.  Doc. 1 ¶ 11; *see* Doc. 53 (discussing the history of the discovery dispute herein).  The Simpsons are one of Plaintiff's franchisees.  After Defendants settled their state court litigation with the Simpsons in November 2018, the Simpsons' franchisor, Plaintiff OsteoStrong sued Defendants in this case in December 2018.

During the state court case, Defendants and the Simpsons entered into a confidentiality agreement in connection with their settlement of that case.  *See* Doc. 53.  Prior to their settlement, on May 25, 2018, Defendants and the Simpsons entered into a Stipulated Protective Order to prevent public disclosure of various documents and discovery related to that state court proceeding.  *See* Doc. 56-2 (State Court Stipulated Protective Order).

During the pendency of the instant case, Defendants attempted to comply with their discovery obligations and contacted the Simpsons regarding the disclosure of certain documents subject to the state court protective order.  In response, the Simpsons threatened to sue Defendants for disclosing anything from the prior state court proceeding in this case.  The Simpsons' threats prompted Plaintiff OsteoStrong to serve a Rule 45 Subpoena to the Simpsons on June 9, 2019, ordering the Simpsons to produce the following records:

1. With respect to *Nixon v. OS*:
   a. All discovery responses by each party;
   b. All depositions;
   c. All settlement agreements;
   d. All court filings by each party; and
   e. All documents produced by each party.
2. All documents the Simpsons provided to Defendants relating to OsteoStrong
3. All communications with Defendants relating to OsteoStrong
4. All communications with OsteoStrong relating to Defendants
5. All communications with any other party relating to Defendants

Doc. 56 at 3.  The Simpsons filed a Motion to Quash the Subpoena on June 24, 2019.  Doc. 46.

The Court held a discovery hearing with the parties (but not the Simpsons) on June 28, 2019 (*see*

Doc. 51 [Clerk's Minutes]), and Plaintiff agreed to file a motion for protective order regarding

the documents at issue.  *Id.*  Plaintiff's counsel informed the Court he was also willing to attempt

to intervene in the state case to get the documents from the state court judge if necessary.  *Id.*

Based on the business and familial relationships between Plaintiff and the Simpsons, the Court

tasked Plaintiff's counsel with getting the documents at issue by communicating with the

Simpsons.  *Id.*  The Court subsequently ordered Plaintiff to produce all documents by August 5,

2019.  Doc. 53

        Instead of producing the documents, Plaintiff filed a Status Report on August 5, 2019,

informing the Court that obtaining the documents from state court "would be costly and overly

burdensome on all parties."  Doc. 65.  Plaintiff asked the Court to rule on the Simpsons' then-

pending Motion to Quash, ordering the Simpsons to produce the requested state court documents

and depositions.  *Id.*  Noticeably absent from the Plaintiff's Status Report was any disclosure

about *another* pending federal case between the Simpsons and Plaintiff.

        This Court denied the Simpsons' Motion to Quash on August 14, 2019, without

knowledge of a pending federal court litigation between the Simpsons and Plaintiff, and thus

ordered the Simpsons to produce the requested documents by August 23, 2019, together with any

motions for protective order by August 21, 2019.  Doc. 68.  On August 22, 2019, the Simpsons

filed a motion to extend the deadline for filing their protective order and producing the

subpoenaed documents.  Doc. 74.  Through email correspondence with the parties, the Simpsons

agreed that Defendants could produce "any and all documents, depositions, and testimony

relating to the previous State case except those materials [the Simpsons] identified as privileged

3

per Rule 45(e)(2)."  Doc. 74 at 3.  The Simpsons agreed Defendants could produce "the documents subpoenaed from PHS, and supporting business record affidavit."  *Id*.  The *pro se* Simpsons requested a protective order be filed in compliance with this Court's requirements.  *Id*.

On August 19, 2019, the Court learned that the Simpsons have a pending federal lawsuit in the Southern District of Texas against their franchisor, Plaintiff OsteoStrong, *Simpsons et al. v. OsteoStrong Franchising, LLC*, 4:19-cv-02334.[2]  Doc. 70; Doc. 74 at 4.  The Simpsons, therefore, requested an additional degree of protection over some of the documents and records at issue here that also remain subject to the discovery process occurring in the federal case they initiated against Plaintiff OsteoStrong.  *Id*.  The Simpsons maintain they identified documents they believe qualify as privileged in accordance with Rule 45(e)(2), also setting forth a description of the documents, the reason for any privilege, as well as information clarifying relevant dates of the documents so that all interested parties could better determine who owned what materials.  *Id*.   Among the privileged, protected and/or confidential and outstanding documents at issue here are the following broad categories as identified by the Simpsons:

      a. Documents used to establish, execute, and govern the Simpsons' LLC
      b. Items which might include Personally Identifiable Information of General
         Members of the LLC
      c. Business Plans, and
      d. The final Settlement Agreement between Defendants and the Simpsons

*Id*.[3]

---

[2] On June 28, 2019, the Simpsons filed a Complaint against Plaintiff OsteoStrong alleging fraud, negligent misrepresentation and breach of contract.  *See* Doc. 70.  They served Plaintiff on July 3, 2019.  *Id*.

[3] Plaintiff characterized the outstanding documents as follows:  a. all documents from *Nixon v. OS2* (produced by either side); b. PHS documents the Simpsons subpoenaed (and a supporting business record affidavit); c. all depositions from the state court litigation; and d. the final settlement agreement in *Nixon v. OS2*.  Doc. 70 Ex. A.

Based upon that new information, the Court granted the Simpsons' request for additional time to respond to the Rule 45 subpoena and set an expedited briefing schedule to resolve the outstanding discovery issues herein.[4]  Doc. 75.

## Analysis

Based on the Simpsons' representations, some of the information revealed in *Nixon v. OS2* contains "materials developed, created, or otherwise authored by the Simpsons prior to entering into any Agreements with Plaintiff."  Doc. 78 at 2.  Among those documents the Simpsons sought to protect when they litigated with Defendants in state court were "documents necessary for the establishment and operations of an LLC, Business Plans, Proforma, Capital Calls, Minutes, Personally Identifiable Information of Partners/Investors, etc."  *Id*.

The Simpsons have created two categories of documents in their possession:  (1) those containing confidential trade secret or other confidential research, development, or commercial information that the Simpsons believe Plaintiff is entitled to receive because (as the Simpsons' franchisor) OsteoStrong "co-developed, co-authored, co-created, or otherwise co-owned" or OsteoStrong "solely" developed and owned the material (*i.e*., Doc. 79); and (2) those same categories of documents that the Simpsons developed and created on their own "for the sake of establishing and operating an LLC prior to entering into a Franchise Agreement with Plaintiff," (*i.e*., Doc. 78).  *Id*. at 5.

The Simpsons, Plaintiff and Defendants have all, at one time or another, sought to involve this Court in their other state and federal court proceedings.  This Court cannot and will

---

[4] Plaintiff, Defendants and the Simpsons have all previously filed non-compliant motions for protective orders, which the Court summarily denied.  *See* Doc. 46 (Simpsons'), Doc. 72 (Defendants') and Doc. 83-1 (Plaintiff's proposed protective order was not submitted to the Court by motion).

not mediate issues that are rightly decided by the judges presiding over the state court protective order and confidentiality agreement and the federal discovery proceedings in Texas.

Nonetheless, to the extent the parties, including the Simpsons, have identified one broad category of documents they all agree can be disclosed in this case, the Court will order such disclosure, subject to the protective order to issue in this case. The Simpsons shall disclose to both parties any such documents that fit that category no later than Friday, September 20, 2019.

To the extent the parties dispute whether the Simpsons rightly identified privileged, protected or confidential information, material and documents amidst those that Plaintiff sought via the Rule 45 subpoena, the Court orders the Simpsons to produce such documents and material to the Court for *in camera* review no later than Friday, September 20, 2019. The documents and materials may be hand-delivered to Magistrate Judge Robbenhaar, 333 Lomas Blvd. N.W., Suite 730, or submitted electronically to robbenhaarproposedtext@nmd.uscourts.gov. The Simpsons shall also produce to the Court, and the parties, a detailed privilege log (including dates, authors, recipients, the type and description of each document, and the specific nature of the privilege, protection, or confidentiality they believe attaches to each one), to permit the Court to conduct an *in camer*a review of those materials the Simpsons allege are subject to privilege, protection and/or confidentiality.[5] The Simpsons shall also submit briefing to the parties and the Court including any legal authority in support of their asserted privilege, protection and/or confidentiality by September 20, 2019.

The Court also sets this matter for a discovery hearing on Friday, September 27, 2019, at 9:00 a.m. in the Cimarron Courtroom, 333 Lomas Blvd. N.W., Albuquerque, New Mexico, 87102. Plaintiff's out-of-state and local counsel, Defendants' counsel and the Simpsons *pro se*

---

[5] The Simpsons should also submit to the Court and the parties by September 20, 2019, any new legal authority that supports their asserted privilege, protection and/or confidentiality over the documents and other material.

shall be present for the hearing.  The Court will hear argument and receive evidence at the

discovery hearing in order to resolve any remaining disputes regarding the Rule 45 subpoena.

Any new legal authority the parties want the Court to consider prior to the hearing must be

submitted to the Court through briefing no later than Monday, September 23, 2019.

Therefore, the Simpsons' Motion for Protective Order [**79**] is **GRANTED IN PART and**

**DENIED IN PART**.  The Court will issue a Protective Order that governs the documents that

this Court ordered the Simpsons to disclose to the parties by **September 20, 2019**.  The Motion

[**79**] is **DENIED** to the extent the Court will substitute clarifying language and enter its own

protective order.

The Simpsons' Motion for Protective Order of Confidential Information [**78**] is

**GRANTED IN PART and DENIED IN PART**. That Motion [**78**] is **GRANTED** to the extent

the Simpsons shall submit their detailed privilege log, including any legal authority in support

thereof, to the parties and the Court, and the privileged documents to the Court for *in camera*

review, by **September 20, 2019**.  The parties will file any responsive briefing, including legal

authority, to the Court by **September 23, 2019**, and the Court will hear evidence and argument

from the Simpsons and the parties on **September 27, 2019** at 9:00 a.m., in the Cimarron

Courtroom, at the Pete V. Domenici United States District Courthouse, 333 Lomas Blvd. N.W.,

Albuquerque, 87102.  The Motion [**79**] is **DENIED** to the extent the Court will enter one

protective order in this case, rather than two as the Simpsons requested.

The Court further orders the Simpsons to provide clear guidance to the Court by

thoroughly reviewing the documents they claim are subject to privilege, protection and/or

confidentiality, taking care to (1) propose redacted versions of any documents where possible,

and (2) indicate when and how any documents may be produced to the parties in this case in

selected portions where part, but not all of the document may be entitled to privilege, protection, and/or confidentiality.

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**