IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OSTEOSTRONG FRANCHISING, LLC,

    Plaintiff,

vs.                                       Civ. No. 18-01184 WJ-JFR

ROLAND RICHTER, SHEILA NIXON,
JDAP, INC., And DANCINGBONES, LLC,

    Defendants.

**PROTECTIVE ORDER**

THIS MATTER came before the Court on the non-parties Sean and Charla Simpson's ("the "Simpsons") Motions for Protective Order (Docs. 78 and 79). The motions were filed in response to Plaintiff's Rule 45 Subpoena served upon the Simpsons on June 9, 2019, which the Simpsons moved to Quash on June 24, 2019. Doc. 46.[1] Plaintiff opposed the motions for protective order on September 4, 2019 (Docs. 82 and 83), and Defendant responded to the motions on September 5, 2019 (Doc. 85). The Simpsons replied on September 9, 2019. Doc. 87. This Protective Order modifies the Simpsons' proposed language, with consideration of the Plaintiff's and Defendants' positions regarding the same. *See* Docs. 82, 83 and 85.

---

[1] This Court denied the Motion to Quash on August 14, 2019. Doc. 68. The Court ordered the Simpsons to produce the requested records by August 23, 2019, and the Simpsons filed a Motion to Extend the Deadline on August 22, 2019. Doc. 74. The Court granted that motion for extension of time and ordered the Simpsons to respond to the Subpoena by August 30, 2019 and to file any necessary motion for protective order by August 28, 2019. Doc. 75. The Simpsons filed two motions for protective order on August 28, 2019. Docs. 78-79. Briefing on the proposed protective orders by all interested parties was completed on September 9, 2019, and on September 13, 2019, the Court issued its order, setting a portion of the discovery issues for a hearing on September 27, 2019. Doc. 88.

1. Rule 26(c), Good Cause for Issuance of a Protective Order

In this case, Plaintiff alleges six claims against Defendants for federal and state misappropriation of trade secrets and of confidential and proprietary information,[2] breach of contract,[3] unfair competition, and trademark infringement.[4] Plaintiff seeks injunctive relief against Defendants.[5] The Simpsons claim "ownership" and/or rights to some of the documents and materials Plaintiff relies upon in this case, and in June 2019, the Simpsons filed a separate federal lawsuit against their franchisor, Plaintiff OsteoStrong Franchising, in the Southern District of Texas. *See* Doc. 88 at 4.

The parties in this proceeding anticipate using some, or all, of the documents and materials set forth herein for purposes of securing deposition testimony as well as in connection with retaining expert witnesses, including receiving advice and reports produced by such experts; the parties also anticipate using the materials at trial and/or during pretrial proceedings in this case. The parties and the Simpsons desire to protect the confidentiality of all documents and materials involved in this dispute (and/or anticipated for use in the Texas litigation) to the extent they contain any trade secret or other confidential research, development, or commercial information, or any proprietary information, as well as any privileges or protections that apply at law and/or through agreement (hereinafter collectively referred to as the "Confidential

---

[2] Among the confidential trade secrets Plaintiff alleges Defendants misused are the following records: (1) scripts for speaking to prospective clients; (2) pro forma for proposed investment opportunities (including costs of investment and an accurate method for calculating return on investment); (3) Operating and Membership Agreements; (4) methodologies for site selection and demographics for potential clientele; (5) inventory documentation; (6) advertising material; and (7) billing, pricing and scheduling documentation. Doc. 1 ¶ 29.

[3] Defendants entered into a Non-Disclosure and Non-Compete Agreement with Plaintiff's franchisee (the Simpsons) on January 11, 2016. *See* Doc. 1 (Ex. B (NDA)). On March 24, 2016, Defendants signed a Franchise Application with Plaintiff. *Id*. (Ex. C (Franchise Application))). The Simpsons claim a "separate NDA" between Defendants and the Simpsons also exists. *See* Doc. 87 at 5-6.

[4] Plaintiff holds rights to two registered trademarks, Reg. # 4959280 and # 4332466. Doc. 1 ¶ 25.

[5] Doc. 1 ¶¶ 54-75.

Information"). Accordingly, the Court finds good cause to order that all parties to this lawsuit, the Simpsons, and any non-party (or subsequent party) who signs the attached Confidentiality Agreement, shall follow the procedures set forth herein with respect to all Confidential Information exchanged in connection with this proceeding.

    2. <u>Scope of the Protective Order</u>

The Court is not ruling upon the admissibility or disclosure of the Confidential Information. Nonetheless, to the extent such Confidential Information is admitted and/or disclosed in connection with this case, and with the exception of any purported Confidential Information that has been available to the public or that has not previously been kept in a confidential manner, this Protective Order shall apply to the following named categories of Confidential Information, written and electronically produced:

    a. With respect to *Nixon et al, v. OS New Mexico Store 2, LLC et al.*, State of New Mexico, County of Santa Fe, First Judicial District Court, No. D-101-CV-2017-01223 ("*Nixon v. OS2*"): (i) all discovery responses by each party; (ii) all depositions; (iii) all settlement agreements; (iv) all court filings by each party; and (v) all documents produced by each party.

    b. Documents and communications the Simpsons provided to Defendants, and/or Defendants provided to the Simpsons, or that the Simpsons had or made to third-parties in connection with contracts and agreements at dispute in this case.

    c. Testimony given in the depositions of Sean Simpson and Charla Simpson in *Nixon v. OS2*, and any future depositions in this case that may reveal information protected under Fed. R. Civ. P. 26 (c)(1)(G) as described herein.

    d. Operating Agreements, Membership Subscription Agreements, Membership Restriction and Redemption Agreements, Minutes from General Meetings, bank account information, methods employed for raising capital, capital requirements and leasing information for the unique businesses involved, pro forma and supporting documents to include spreadsheets, summary estimates and calculations, estimates for potential ROIs, categories of income or loss mechanisms, and methods for calculating share ownership, business plans, and materials containing social security numbers and other personally identifiable information for individuals or businesses.

    e. Among the topics subject to characterization as Confidential Information are the following categories: (i) day-to-day operations; (ii) employees; (iii) scripts; (iv) presentations; (v) screening events; (vi) research and documentation concerning any unique psychology related to the specific sales process involved in this dispute; (vii) attendance at related business facilities; (viii) scheduling and/or calendar strategies; (ix) material and inventory lists; (x) vendors' lists; (xi) unique insurance policies, strategies and methods for reduced rates; (xii) marketing and advertising concepts and materials; (xiii) integrated services such as PEMF or equivalent services; (xiv) site selection for potential franchise units; (xv) lease negotiations and strategies; (xvi) billing and pricing documentation; and (xvii) training manuals.

    f. "PHS documents" previously subpoenaed, including any supporting business record affidavits.[6]

Such documents and materials, including originals and copies, shall be designated as Confidential Information by marking or stamping each page of any such document or material "Confidential," or identifying such Confidential Information by bates production number, or other clear written identifier, to each person or entity receiving the Confidential Information.

    3. <u>Provisions for Filing Documents Containing Confidential Information Under Seal</u>

The parties and the Simpsons acknowledge that this Order does not entitle them to seal Confidential Information filed with the Court. In the event a party or the Simpsons seek to file any document containing Confidential Information that is subject to this Order's protection, that party or the Simpsons must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the person who designated the document as Confidential Information; (b) where appropriate

---

[6] Neither the parties nor the Simpsons have filed a copy of the Subpoena at issue in this dispute. Notwithstanding, the Court has relied upon the parties' and the Simpsons' characterization and/or agreements about the documents and materials arguably subject to this Protective Order. While disputing the ownership of the documents and materials, neither the parties nor the Simpsons appear to disagree about which documents are subject to protection herein, assuming protection applies at all. The "PHS documents" do not appear to be part of the Rule 45 Subpoena. *See* Doc. 46 (Mot. to Quash). However, those documents are identified and included in this Protective Order because the parties and the Simpsons began communicating about them, asserting relevance in this case, in August 2019 and continue to do so. *See* Doc. 65-2 (Plaintiff's 08/05/2019 Status Report), Doc. 70 at 12 (Simpsons' 08/15/2019 Reply to the Mot. to Quash), Doc. 87 at 1 (Simpsons' 09/09/2019 Reply to Mot. for Protective Orders). Neither the parties nor the Simpsons have clarified the nature or date of the PHS documents, except to represent that the Simpsons previously subpoenaed them.

(e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

The submitting party or non-party may file a document designated as Confidential Information under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party or non-party must file a motion for leave to file the document under seal, identifying the party or non-party who has designated the material as Confidential Information ("the designating party"):

* If the party or non-party filing the document containing Confidential Information is the designating party, the motion for leave to file under seal should include a declaration identifying the Confidential Information contained in the document and explaining why the document is sealable.

* If the party or non-party filing the document containing Confidential Information is not the designating party, the designating party must file a declaration identifying the Confidential Information contained in the document and stating whether the designated material is sealable, and if so, why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party or non-party may file the document in the public record after the Court has entered an Order denying the motion to seal.

In this case, because the Simpsons are not a party to this action but propose to submit Confidential Information, the parties are ordered to promptly copy the Simpsons by email concerning any motions related to the disclosure or filing of Confidential Information covered by this Protective Order.

4. <u>Anticipated Use of Confidential Information Covered by the Protective Order</u>

This Protective Order is not binding on Court personnel or jurors. Except with the prior written consent of the designating party, the Simpsons and the parties herein shall only use Confidential Information for purposes of this action, and shall not disclose such information to anyone other than:

a. The Court and any person employed by the Court whose duties require access to materials filed in connection with this action;

b. The parties, the Simpsons, and legal counsel for the same, their legal associates, paralegals, employees, clerical and other support staff to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

c. Actual and potential witnesses in this action and their respective counsel, to the extent necessary;

d. Outside consulting and testifying experts hired by counsel for either party for the purpose of assisting in the prosecution or defense of this action, to the extent necessary;

e. Court reporters and videographers participating in these proceedings; and

f. Employees of copying or similar services utilized with respect to this action.

5. <u>Introduction of Documents Containing Confidential Information into Evidence</u>

The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. During any deposition or hearing, a party through counsel, may disclose Confidential Information to any deponent or witness, if the deponent/witness agrees to be bound by this Protective Order. Before the disclosure is made, the disclosing party shall advise the deponent/witness (as well as counsel, if any, representing the deponent/witness) that the Confidential Information about to be disclosed is subject to this

Protective Order, and the disclosing party shall provide the deponent/witness with a copy of this Protective Order and the attached Confidentiality Agreement, Exhibit A.  If the deponent/witness agrees to be bound by the Protective Order's terms, the disclosing party shall advise the deponent/witness that any further disclosure of the Confidential Information by the deponent/witness (or by his or her counsel) shall constitute a violation of the Protective Order.  Before proceeding, the deponent/witness must voluntarily sign the attached Confidentiality Agreement.

Subject to the Federal Rules of Evidence, a Confidential Information may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel and/or to the *pro se* Simpsons (and any counsel the Simpsons retain in the future), concerning the intended use of the Confidential Information as may be required by a scheduling or other order.  Any party may move the Court for an order that the Confidential Information be received in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection(s) may be afforded to such Confidential Information at the trial or hearing.  Before trial, the parties will address the method for protecting the Confidential Information during trial.

6. <u>Application to Non-Parties</u>

The Simpsons, being non-parties to this matter, agreed to be bound by this Order.  Any other non-party who may review or receive Confidential Information anticipated and covered by this Protective Order, will be given a copy of this Protective Order, as well as the attached Confidentiality Agreement, Exhibit A, and such non-party shall be given the chance to stipulate to the Agreement and be bound by its terms by signing a copy of the attached Confidentiality

Agreement, or to contest the Protective Order. This Protective Order shall also protect Confidential Information produced by parties who are added later to his action.

Before a party through counsel, or the Simpsons *pro se* or through counsel, may disclose any Confidential Information to any witnesses who are not parties to this action or to outside consultants or testifying experts, counsel herein, or the Simpsons, shall provide such individuals with a copy of this Protective Order. A party or the Simpsons may only disclose Confidential Information to such an individual if the individual voluntarily signs the attached Confidentiality Agreement evincing his or her intent to be bound by its terms. The person making such disclosure shall keep a log of those individuals to whom Confidential Information is disclosed, which log shall not be subject to disclosure to opposing counsel or the Simpsons, except in the event of a dispute about the use or dissemination of Confidential Information. Confidential Information shall not be disclosed to any consulting or testifying expert unless the party or the Simpsons making the disclosure follows the provisions of this Protective Order.

A party or non-party who is served with process in this lawsuit after the Protective Order is filed shall not be bound by its terms until they have been given a reasonable opportunity to review this Protective Order and have stipulated to it, or until the Court orders that they are bound by its terms after they have had a reasonable opportunity to contest it.

7. <u>Inadvertent Disclosure</u>

In the event of production or disclosure of any document which the producing party or the Simpsons believes should have been marked "Confidential," which is produced without that designation, the producing party may, upon discovery of such production without designation, request the marking of any such document as "Confidential" and thereafter such document and

all copies of it shall be subject to the provisions of this Protective Order respecting the treatment of documents so stamped.

      8. <u>Admissions and Application</u>

Nothing in this Order shall be construed as an agreement or acknowledgement that any Confidential Information constitutes a trade secret or is in fact confidential. By entering into this agreement, the parties and the Simpsons do not equate Confidential Information with trade secret as the term is defined by New Mexico law. The treatment of Confidential Information in accord with this Order is not to be deemed an admission of trade secret status. This Protective Order does not alter any obligations that a party or the Simpsons may have at law or under another agreement with respect to any Confidential Information.

      9. <u>Objections</u>

At any time during the litigation or at the completion of litigation, a party or the Simpsons may object to the designation of particular Confidential Information, which the Court has not previously given specific consideration, by giving written notice of the objection, and law in support thereof, to the designating party. The written notice shall specifically identify the Confidential Information to which the objection is made. If the parties and/or the Simpsons cannot resolve the objection within ten (10) business day after the time the notice is received by the designating party, whoever objected to the Confidential Information shall file an appropriate motion requesting that the Court determine whether the Confidential Information should remain subject to the terms of this Protective Order. The disputed information shall be treated as Confidential Information under the terms of this Protective Order until such time as the Court rules otherwise. In connection with a motion filed under this provision, the person claiming

confidentiality has the burden to show that good cause exists to treat the disputed information as Confidential Information.

    10.  <u>Jurisdiction</u>

The parties and the Simpsons agree that the provisions of the Protective Order will remain contractually binding on each of them after this litigation ends and until and unless the parties and the Simpsons mutually agree to terminate its protection, or the parties and the Simpsons notify the Court and each other of a desire to re-open the case to modify and/or enforce the Protective Order.

THE COURT HEREBY FINDS that the parties and the Simpsons have established good cause for the issuance of a Protective Order in this matter.  Accordingly, IT IS HEREBY ORDERED THAT this agreement shall become effective upon entry by the Court, and the parties, their counsel and the Simpsons (and their counsel, if any) are bound to abide by its terms.

    **IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

*OsteoStrong Franchising v. Richter, et al.*, **Case No. 18-cv-1184 WJ/JFR**
**United States District Court, District of New Mexico**

**PROTECTIVE ORDER**

**"EXHIBIT A"**

**CONFIDENTIALITY AGREEMENT**

1. I have read and understand the provisions of the Protective Order entered by United States Magistrate Judge John F. Robbenhaar in the matter of *OsteoStrong Franchising, LLC, v. Roland Richter, Sheila Nixon, JDAP, Inc. and Dancing Bones, LLC*, Case No. 18-cv-1184, in the District of New Mexico.

2. I will comply with all provisions of the Protective Order.

3. Upon request, I will return all materials designated as Confidential Information, and copies, document or things which I have prepared relating thereto, to counsel of record for the party (or to the person directly) who has provided me with the materials designated as Confidential Information.

4. I hereby agree that my obligations under the Protective Order may be enforced by the Honorable John F. Robbenhaar of the United States District Court for the District of New Mexico.

Printed Name:_____

Address:_____

_____

Signature:_____

Dated:_____