IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

OSTEOSTRONG FRANCHISING, LLC,

    Plaintiff,

vs.     Case No. 1:18-cv-1184-KWR-JFR

ROLAND RICHTER, SHEILA NIXON,
JDAP, INC., and DANCINGBONES
LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Partial Summary Judgment against Defendants' counterclaims[1], filed on March 6, 2020 **(Doc. 160)**. Having reviewed the parties' pleadings, the applicable law, and noting Plaintiff's failure to adhere to federal and local rules, the Court finds that Plaintiff's motion is not well-taken and, therefore, is **DENIED.**

### BACKGROUND

This case arises from a potential franchising relationship between the parties that soured, after which Defendants ultimately opened a competing business. Plaintiff alleges, among other things, that Defendants (1) misappropriated proprietary information and trade secrets to launch their own business (2) advertised using Plaintiff's mark and manipulated internet searches such that Defendants' business address appeared in place of Plaintiff's.

---

[1] Plaintiff also states "Additionally, 12 of [Defendants'] affirmative defenses can be addressed as well." There is a footnote attached in Plaintiff's Brief following this sentence, presumably to provide further explanation, however, Plaintiff did not attach anything in the related footnote.

Plaintiff filed this case alleging violations of both federal and New Mexico state law. Plaintiff's Complaint asserts the following claims:

Count I:  Misappropriation (Pursuant to the Defend Trade Secrets Act of 2016)

Count II:  Misappropriation (Under the New Mexico Uniform Trade Secrets Act)

Count III: Breach of Contract

Count IV: Unfair Competition (15 U.S.C. 1125); and

Count V: Trademark Infringement (15 U.S.C. 1114 (1)).

Defendants' Answer asserted two counterclaims for violation of the Unfair Practices Act and Malicious Abuse of Process (**Doc. 10**), upon which Plaintiff seeks partial summary judgment in the instant motion. Plaintiff also asserts that summary judgment is warranted in favor of its Breach of Contract claim. Defendants also moved for summary judgment on all claims asserted by Plaintiff (**Doc. 159.**), which the Court granted on August 10, 2020. (**Doc. 172**).

## LEGAL STANDARD

A motion for summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment." *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996).  To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact

claimed to be disputed." *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988) (quotation marks and citations omitted).

"A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).).  A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).  A court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and thus, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

## DISCUSSION

Plaintiff's Motion for Partial Summary Judgment is not in compliance with Local Rule 56.1(b), which mandates the following:

> The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. *Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.* The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies. (emphasis added).

Factual assertions not specifically controverted or disputed are deemed admitted.  To the extent a party does not cite to the record to support a fact or dispute a fact, the Court disregards that factual

3

assertion or dispute. Fed. R. Civ. P. 56(c)(1)(A); D.N.M.LR-Civ. 56-1(b) ("All material facts set forth…will be deemed undisputed unless specifically controverted."); Fed. R. Civ. P. 56(e)(2). The court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56 (c)(3). Plaintiff has not provided a statement of undisputed facts.

Similar to its Response Brief contesting Defendants' Motion for Summary Judgment (Doc. 166), Plaintiff has also not complied with Local Rule 10.6 by failing to mark the relevant portion of its exhibits for the Court's attention. As provided by this Court in its Memorandum and Opinion Granting Defendants' Motion for Summary Judgment (Doc. 172) it is not the Court's responsibility "to conduct a fishing expedition of plaintiff's [exhibit] or any other record evidence in order to support the assertions made in [its] response." *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 Fed. Appx. 631, 635 (10th Cir. 2008). Plaintiff has also not filed a Reply Brief and will not be afforded additional time.

In denying this motion, the Court recounts Plaintiff's well documented history of failure to adhere to federal and local procedure despite ample warning from and sanctions by more than one member of the Court. Nevertheless, Plaintiff continues to file unacceptable briefs in what now appears to be a manifest disregard for the Court's time and resources. Having granted Plaintiff multiple opportunities to rectify these issues, the Court is no longer willing to do so.

On July 3, 2019, in relation to Plaintiff's prior procedural failures, the Court stated:

> During the show cause hearing, the Court reviewed Plaintiff's additional violations of its procedures, the Court's Local Rules, and the Federal Rules of Civil Procedure, including Plaintiff's *complete* failure to respond to Defendants' motions at issue here, Documents 29 and 40. Doc. 51….

> The Court and the parties also expended time and resources to manage Defendants' Emergency Motion (Doc. 40), the Order to Show Cause (Doc. 41), and the Motion to Vacate the Hearing previously scheduled to occur June 21, 2019 (Doc. 43)—all of which flowed from Plaintiff's failure to adequately prosecute its case and comply with the Court's Orders and Plaintiff's discovery obligations as discussed herein…

> The Court further warns Plaintiff's counsel that any subsequent failure to comply with the Federal Rules of Civil Procedure or this Court's Local Rules or Orders may result in further sanctions, up to and including dismissal of the case with prejudice. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007).

Doc. 54 at 2-3. (emphasis in original).

On July 9, 2019, Chief Judge William P. Johnson admonished Plaintiff for improper conduct:

> … [T]he docket in this case indicates that Plaintiff's counsel is being brought to task on other matters suggesting that counsel's conduct may stem from more than an unfamiliarity with this District's system and may be crossing the line into a willful disregard for this Court's rules and orders. *See* Doc. 42 (Order for Plaintiff's Counsel to Show Cause by Magistrate Judge John F. Robbenhaar why sanctions should not issue for discovery conduct); Doc. 42 (Order by Judge Robbenhaar Granting Motion to Compel and Amend Deadlines, and Imposing Sanctions Against Plaintiff). The Court will be inclined to consider sanctions at the point where counsel's "unfamiliarity" becomes more of a willful obliviousness to the particular requirements of this Court's filing system and local rules. Counsel is cautioned that failure to abide by the rules and orders of this Court may include future sanctions including but not limited to being removed from this case as counsel for Plaintiffs.

Doc. 57 at 2.

Approximately one week later, the Court issued an Order striking Plaintiff's Reply (Doc. 61), again due to Plaintiff's errors. The Court noted Plaintiff's procedural intransigence:

> Plaintiff's Counsel has been on notice that there would be consequences for subsequent failures to abide by this Court's rules. This Court does not have the luxury of time to keep pointing out counsel's errors that need correcting and waiting for counsel to fix them. The expectation is that an attorney who wishes to litigate a case in this district must take the time and effort to understand the rules under which the case will proceed.

Doc. 62 at 2.

On December 5, 2019, the Court again highlighted Plaintiff's problematic behavior, stating:

> The Court has extended considerable patience to out of state counsel, and has even required the involvement and/or presence of local counsel as a means of keeping

>the case on track and in compliance with this Court's rules and procedures. The Court has warned Plaintiff's counsel several times about future sanctions, improper *ex parte* communications, compliance with local and federal rules of procedure, and the impending deadlines associated with prosecuting its case in federal court, as each order cited herein attests to in detail. The Court finds Plaintiff's representation of diligence and good faith disingenuous at best. Doc. 131 at 5.

Without delving further into Plaintiff's neglectful handing of this proceeding, the Court finds that, once again, Plaintiff has wholly abandoned local and federal rules of civil procedures in the instant motion. In asserting its arguments, Plaintiff proffers conclusory statements and legal generalities absent citation to the record. For example, with respect to its claim for Breach of Contract, the entirety of Plaintiff's argument is the following:

>In the Contract, Defendants agreed to buy all equipment from Plaintiff, even if they did not become a franchisee. (See Ex. B & D.) It is undisputed that Defendants bought their equipment from a third party in violation of the agreement. (Id.) They have breached the agreement they signed, and thus, there is no material factual issue necessary for trial.

Doc. 160 at 6.

The Court does not know what to make of this argument. Plaintiff's other contentions, while in some instances lengthier, are equally flawed, either for lack of evidentiary support or for failure to adhere to local and federal rules of civil procedure. Moreover, in failing to file undisputed facts or support their asserted facts in the record, Plaintiff failed to demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Accordingly, Plaintiff's arguments with respect to Defendants' counterclaims as well as its own breach of contract claim are unsubstantiated.

Defendants suggest that, given Plaintiff's inadequate briefing, an appropriate response would be to deny the motion. The Court concurs and concludes that Plaintiff has utterly failed to carry its burden on summary judgment.

**Further Misconduct May Result in Additional Sanction**

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice or entering judgment against the party. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1396 (10th Cir.1988)." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). To be clear, the Court finds that Plaintiff is well within the ambit of additional and more severe sanctions. The Court admonishes Plaintiff and notes that further egregious conduct will result in the Court taking appropriate action.

### CONCLUSION

The Court concludes that Plaintiff has failed to carry its burden for summary judgment. Accordingly, Plaintiff's motion for partial summary judgment is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment (**Doc. 160**) is **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE